Orders, Supreme Court, New York County (Eileen Bransten, J.), entered April 12, 2017, which, to the extent appealed from as limited by the briefs, granted defendant Wells Fargo Bank’s motion to dismiss the breach of contract cause of action as against it and defendant HSBC Bank’s motion to dismiss the breach of fiduciary duty cause of action as against it, unanimously affirmed, without costs.
 

 The breach of contract claim against defendant Wells Fargo, the securities administrator, is barred by the no-action clause in the pooling and servicing agreement governing the residential mortgage-backed securitization trust in which plaintiff invested. The clause applies to “any” claims “with respect to” the agreement, and expressly excludes any exceptions, which distinguishes the agreement from instruments that allow claims for nonpayment notwithstanding such clauses (see e.g. Cruden v Bank of N.Y., 957 F2d 961, 968 [2d Cir 1992]). The clause is not unenforceable as violative of public policy, given its salutary purpose of preventing undue expense to certificate holders and inconvenience to the investment vehicle in general (see Ellington Credit Fund, Ltd. v Select Portfolio Servicing, Inc., 837 F Supp 2d 162, 184 [SB NY 2011]). Nor is it unconscionable.
 

 The breach of fiduciary duty cause of action against defendant HSBC, the trustee, fails to allege either the breach of any duty not imposed by the pooling and servicing agreement or, in nonconclusory fashion, a conflict of interest. Contrary to plaintiff’s contention, post-default fiduciary duties never arose, since the complaint fails to allege an event of default; default is defined in the governing agreement as the failure to make advances or the failure to make deposits into a reserve fund, not the failure to make payment. Because plaintiff’s letter to defendants giving notice of nonpayment would not have remedied this deficiency in the complaint, the motion court providently exercised its discretion in refusing to consider the letter, and it would be similarly futile to do so at this juncture (see Triad Intl. Corp. v Cameron Indus., Inc., 122 AD3d 531 [1st Dept 2014]).
 

 Concur — Sweeny, J.P., Renwick, Kapnick, Kern and Moulton, JJ.